

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LYNDA TILLMAN, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:23-696-MGL-SVH |
| § | |
| § | |
| COUNTRY DOOR, INC., BRYAN JAY § | |
| KOON AS THE SHERIFF OF LEXINGTON § | |
| COUNTY, LEXINGTON COUNTY § | |
| SHERIFF'S DEPARTMENT, and § | |
| KIMBERLY M. BAUM, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING IN PART THE MOTION TO DISMISS AND COMPEL ARBITRATION,
AND STAYING THE CASE AS TO COUNTRY DOOR
PENDING RESOLUTION OF THE ARBITRATION**

Plaintiff Lynda Tillman filed this lawsuit against Defendant County Door, Inc. (Country Door) and the other above-named defendants.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Country Door's motion to compel arbitration and to dismiss the action be granted in part, arbitration be compelled, and a stay entered as to Country Door pending resolution of the arbitration. The Magistrate Judge further recommended that the parties be directed to provide a status update within twenty days of completion of arbitration. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 23, 2023, but the parties failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Country Door's motion to compel arbitration and to dismiss the action is **GRANTED IN PART**, arbitration is compelled, and a stay is entered as to Country Door pending resolution of the arbitration.

The parties shall file a joint status report every three months during the pendency of this stay, with the first one due on October 10, 2023. They shall also file a joint status report within twenty days of the completion of arbitration, which contains a proposal as to how they wish to proceed with any remaining claims.

**IT IS SO ORDERED**.

Signed this 10th day of July, 2023, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE